**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 27, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-11036
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN SCHMIDT,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-40-1-A
- - - - - - - - - -

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

John Schmidt appeals his guilty-plea conviction and sentence for one count of tax evasion. Schmidt argues that the district court abused its discretion in 1) denying his motion to continue his sentencing hearing, 2) denying his motion to withdraw his guilty plea, and 3) departing upward at sentencing. Specifically, Schmidt argues that the denial of his motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

continue deprived him of the opportunity to earn a reduced sentence based on his assistance in a West Virginia healthcare fraud case. Schmidt further contends that his motion to withdraw his guilty plea should have been granted based on, among other things, his alleged innocence of the insurance fraud allegations contained in Schmidt's Presentence Report. Schmidt extends the same innocence argument as a basis for disputing the district court's upward departure. In addition, Schmidt challenges the quality and quantity of the Government's fraud evidence and contends that the insurance fraud conduct was accounted for in the sentencing guidelines calculations for the offense of conviction. Schmidt further challenges certain enhancements included in the district court's upward departure calculations.

We have reviewed the record and the briefs submitted by the parties and hold that the district court did not abuse its discretion with respect to any of Schmidt's assignments of error. See United States v. Peden, 891 F.2d 514, 519 (5th Cir. 1989); United States v. Grant, 117 F.3d 788, 789 (5th Cir. 1997); United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984); United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994); United States v. Millsaps, 157 F.3d 989, 997 (5th Cir. 1998).

AFFIRMED.